UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

APPLE INC.,

        Petitioner,

-against-

LMEG WIRELESS LLC, dba LM WIRELESS,

        Respondent.

Civil Action No. 1:17-mc-196-P1

---

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION FOR LEAVE TO FILE UNDER SEAL APPLE'S REPLY BRIEF IN SUPPORT OF EXPEDITED ORDER COMPELLING COMPLIANCE WITH APPLE INC.'S RULE 45 SUBPOENA AND SUPPORTING MATERIALS, TO FILE PUBLICLY A REDACTED REPLY BRIEF IN SUPPORT OF ORDER TO SHOW CAUSE AND SUPPORTING MATERIALS**

Petitioner Apple Inc. seeks to compel the production of communications and other documents responsive to a validly served subpoena issued in an action pending in the Northern District of California, *Apple Inc. v. Mobile Star LLC*, No. 3:16-cv-6001-WHO.  The Hon. William H. Orrick has issued in that action a Corrected Stipulated Protective Order, which states that a party "may not file or disclose in the public record any Protected Material."  Zellerbach Decl. Ex. A.  Respondent LM Wireless has produced materials attached to Apple's Reply Brief as "CONFIDENTIAL" under the Protective Order issued by Judge Orrick.  Apple offers materials in support of its Reply Brief that Apple has designated "CONFIDENTIAL" under the Protective Order. Accordingly, Petitioner Apple, Inc. seeks to file portions of its Reply Brief that reflect or are derived from the designated information, and the supporting materials, under seal.

## ARGUMENT

Although there is a presumption of the public's right to access to court records, that right is not absolute.  *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute."); *Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV.2003(PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) ("Potential damage from the release of sensitive business information has been deemed a ground for denying access to court documents.").  One of the well-recognized exceptions to the accessibility of judicial records is where such access would "harm a litigant's competitive standing" through disclosure of sensitive business information.  *Nixon*, 435 U.S. at 598.  Thus, where public filing would disclose commercially sensitive information that has been designated confidential pursuant to a protective order, courts have found good cause for permitting to file under seal, especially where a confidentiality obligation exists.  *See, e.g.*, *Bergen Brunswig*, 1998 WL 113976 at *3.

Mobile Star (the defendant in the underlying litigation) has designated certain information produced in this case and offered in support of Apple's Reply Brief as confidential. Pursuant to the Protective Order issued by Judge Orrick, material may be marked "CONFIDENTIAL" if the producing party "reasonably believes that the disclosure of such [material] is likely to cause economic harm or significant commercial disadvantage." Zellerbach Decl. Ex. A. Accordingly, Apple seeks to seal information so-designated by the defendant pursuant to the Protective Order issued by Judge Orrick.

Furthermore, Apple has designated certain business information contained in the Declaration of Colin Foley and in the attached exhibits as confidential. Pursuant to the Protective Order, material may be marked "CONFIDENTIAL" if the material "contains or reflects confidential, proprietary, and/or commercially sensitive information." Zellerbach Decl. Ex. A. Apple believes that the disclosure of this information is likely to cause serious competitive harm to Apple and/or defendant Mobile Star. Accordingly, Apple seeks to seal the information so-designated by Apple pursuant to the Protective Order issued by Judge Orrick.

## **CONCLUSION**

For the foregoing reasons, Apple respectfully requests that the Court enter the proposed Order directing the Reply Brief and its supporting materials (Zellerbach Dec. Ex. B) to be filed under seal, and the redacted versions of the same materials (Zellerbach Decl. Ex. C) to be publicly filed.

Dated:     June 14, 2017

Respectfully submitted,

Orrick, Herrington & Sutcliffe LLP

By: _____
Nicholas H. Lam
Orrick, Herrington & Sutcliffe LLP
51 West 52nd Street
New York, NY 10019
+1 212 506 5000
nlam@orrick.com

Thomas H. Zellerbach (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
1000 Marsh Road
Menlo Park, CA  94025-1015
+1 650 614 7400
tzellerbach@orrick.com

Nathan Shaffer (*pro hac vice*)
Orrick, Herrington & Sutcliffe LLP
405 Howard Street
San Francisco, CA 94105-2669
+1 415 773 5440
nshaffer@orrick.com

*Attorneys for Petitioner Apple Inc.*